UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BREIONE WALKER,

        Plaintiff,

    v.                                Case No. 25-cv-1070

MARK WELLENS, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Breione Walker, who is currently serving a state prison sentence at the Stanley Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Walker's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Walker requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner-plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Walker has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.52. Accordingly, the Court will grant the motion for leave to proceed without prepayment of the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Walker is an inmate at the Stanley Correctional Institution. Dkt. No. 1. Defendants are Mark Wellens and "Stanley Correctional Institution Warden." *Id.* According to the complaint, on April 28, 2025, maintenance staff member Mark Wellens and two inmate workers were installing

new outlets in Walker's unit. *Id*. at 2-3. Walker asked if he had to move anything inside his cell for the installation and Mr. Wellens responded, "I'll show you." *Id*. at 3. Mr. Wellens then went inside Walker's cell and allowed the cell door to close behind him. *Id*. He directed Walker to remove pictures off of the walls and to move the mattress away from the wall. *Id*. As Mr. Wellens was leaving the cell, he "looked at [Walker] licking his lips." *Id*. Mr. Wellens then "grab both of [Walker's] breast with both of his hands" and stated "oh my god their so soft." *Id*. Walker yanked away and stated, "don't ever do that again." *Id*. Mr. Wellens then placed his finger on Walker's lip and responded, "no one will believe you." *Id*. For relief, Walker seeks monetary damages. *Id*. at 4.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Eighth Amendment protects the basic dignity of the person being punished. *See Trop v. Dulles*, 356 U.S. 86, 100 (1958) ("The basic concept underlying the Eighth Amendment is nothing less than the dignity of man."). The Eighth Amendment prohibits treatment that gratuitously robs the inmate of his innate dignity as a human being. *Bowers v. Pollard*, 602 F. Supp. 2d 977 (E.D. Wis. 2009), *aff'd*, 345 F. App'x 191 (7th Cir. 2009) (unpublished). "Prison authorities violate the Eighth Amendment when they treat inmates in a way that is 'motivated by a desire to harass or humiliate' or 'intended to humiliate and cause psychological pain.'" *Chatman v. Ill. Dept. of Corr.*, 685 F. Appx. 487, 489 (7th Cir. 2017) (quoting *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015)). Unwanted touching of a person's private parts intended to humiliate

the victim or gratify the perpetrator's own sexual desires can violate a prisoner's constitutional rights. *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012).

Walker alleges that, on April 28, 2025, Mr. Wellens licked his lips, grabbed Walker's breasts, and stated "oh my god their so soft." Walker alleges that Mr. Wellens' conduct humiliated him and robbed him of his dignity. Based on these allegations, the Court can reasonably infer that Mr. Wellens may have engaged in unwanted touching of Walker's private parts to gratify his own sexual desires, in violation of the Eighth Amendment. Accordingly, Walker may proceed on an Eighth Amendment claim against Mr. Wellens in connection with the alleged unwanted sexual touching incident at the Stanley Correctional Institution on April 28, 2025.

The Court will dismiss "Stanley Correctional Institution Warden" from the case. Walker alleges no facts from which the Court can infer how the Warden was allegedly involved in the incident. The Warden's role as a supervisor at the institution is not enough to impose personal liability. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of those they supervise."). Therefore, Walker fails to state a claim against "Stanley Correctional Institution Warden."

## CONCLUSION

The Court finds that Walker may proceed on an Eighth Amendment claim against Mr. Wellens in connection with the alleged unwanted sexual touching incident at the Stanley Correctional Institution on April 28, 2025.

**IT IS THEREFORE ORDERED** that Walker's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that "Stanley Correctional Institution Warden" is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Walker's complaint and this order

4

are being electronically sent today to the Wisconsin Department of Justice for service on Mr. Wellens.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Mr. Wellens shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Walker shall collect from his institution trust account the **$347.48** balance of the filing fee by collecting monthly payments from Walker's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Walker is transferred to another institution, the transferring institution shall forward a copy of this Order along with Walker's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Walker is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

5

Case 1:25-cv-01070-BBC    Filed 09/23/25    Page 5 of 6    Document 8

>Honorable Byron B. Conway
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Walker is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on September 23, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge