BREIONE WALKER,

        Plaintiff,

        v.                            Case No. 25-CV-1070

MARK WELLENS,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff Breione Walker, who is incarcerated at Stanley Correctional Institution, is proceeding on an Eighth Amendment claim based on allegations that Defendant Mark Wellens engaged in unwanted sexual touching by grabbing Plaintiff's breasts. On February 4, 2026, Defendant filed a motion for summary judgment on the ground that Plaintiff did not exhaust the available administrative remedies before he initiated this action. Dkt. No. 15. In a notice and order, the Court reminded Plaintiff that, under Civil L.R. 56(b)(2), his response materials were due March 6, 2026. The Court warned Plaintiff that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendant as undisputed, which would likely result in summary judgment being granted in Defendant's favor and the case being dismissed. The deadline has passed, and Plaintiff did not respond to Defendant's motion or explain why he was unable to do so.

The Court has reviewed Defendant's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendant is entitled to summary judgment, *see* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendant and deemed

true as a result of Plaintiff's failure to respond, the Court finds that Plaintiff did not exhaust the available administrative remedies before he filed this case. Defendant is therefore entitled to summary judgment. *See* 42 U.S.C. § 1997e(a); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("This circuit has taken a strict compliance approach to exhaustion.").

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 15) is **GRANTED** and this case is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin on March 20, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

2